

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-1815
Re: Deputy district clerk cannot be appointed for sole purpose of taking acknowledgements.

This will acknowledge receipt of your letter of January 3, 1940, in which you submit for an opinion of this department the question hereinafter stated. We deem it essential to quote the pertinent parts of your inquiry as follows:

"The directors of the local Rural Electrification Administration, (Taylor County), have asked the District Clerk of this County to request the Commissioners' Court to authorize him to appoint a deputy to take acknowledgements on easements to be secured from farmers throughout the County.

"Please let me have an opinion on the following question:

"Does the District Clerk have authority to make such appointment?"

Article 3902, Revised Civil Statutes of Texas, 1925, provides in part:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

deputies, assistants or clerks, stating by sworn
application the number needed, the position to
be filled and the amount to be paid. . . ."

Thus it is seen that there is specific provision
made for the appointment of deputies whenever it is made
to appear that such officers "shall require the services
of deputies, assistants or clerks in the performance of
his duties." It is necessary therefore, to ascertain wheth-
er or not the taking of acknowledgements, under the circum-
stances stated in your letter, is a duty imposed by law
upon the district clerk.

In the absence of sufficient facts appearing in
your letter, we must necessarily predicate this opinion
upon the assumption that the deputy proposed to be appoint-
ed is to be named solely for the purpose of taking acknow-
ledgements from farmers from whom easements are to be ob-
tained, and that such acknowledgements are to be taken
outside the office of the district clerk.

It was held by the Supreme Court of Texas, in
the case of Thompson v. Johnson et al, 19 S. W. 784, that
a deputy district clerk could not be appointed for the
sole purpose of taking acknowledgements. The court says:

"... The law makes no provision for the
appointment of a special deputy district clerk,
but for a deputy or deputies; and when an ap-
pointment is made by the clerk he cannot re-
strict the authority to one act, but it is good
for all purposes. . . ."

We fail to find any duty imposed upon a district
clerk to send a deputy district clerk outside the office
to take acknowledgements. If there is no such duty impos-
ed, and the taking of acknowledgements is the only duty
which the clerk proposes to assign to such deputy, then
the district clerk has not brought himself within the terms
of Article 3902, supra, by showing that the appointment of
a deputy is required for the "performance of his duties."

Honorable L. R. Thompson, Page 3

It is our opinion, therefore, that a deputy district clerk cannot be appointed solely for the purpose of taking acknowledgements under the circumstances stated by you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

APPROVED JAN 22, 1940

LA:LM

ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN